FILED
United States Court of Appeals
Tenth Circuit

November 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADRIAN LADEAN NASH,

Defendant-Appellant.

No. 13-3217
(D.C. No. 5:12-CR-40117-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Adrian L. Nash entered a guilty plea to possession of a firearm by an unlawful

user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The district

court sentenced Mr. Nash to 24 months' imprisonment, at the low end of the advisory

guidelines range. As part of his plea agreement, Mr. Nash waived his right to

challenge his conviction or sentence on appeal. In spite of this waiver, Mr. Nash has

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed an appeal challenging his conviction and sentence. The government has moved to enforce the appeal waiver in the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. 1325. In his response to the motion to enforce, Mr. Nash appears to challenge only the scope of the waiver, asserting that he did not waive his "'Natural Rights,'" and that he "can raise for the first time on appeal [that] the district court lacked jurisdiction over the 'subject matter'." Resp. at 1. His argument is without merit.

In his plea agreement, Mr. Nash "waive[d] *any* right to appeal or collaterally attack *any* matter in connection with [his] prosecution, [his] conviction, and the components of [his] sentence." R. Doc. 53 at 6 (emphasis added). In his response, he contends that his indictment was defective and the district court lacked subject matter jurisdiction over his case. These are challenges to his prosecution and conviction and therefore fall within the scope of the broad waiver he signed. He does not assert that his waiver was not knowing and voluntary or that enforcement of the waiver would be a miscarriage of justice, and we do not see any meritorious basis for such assertions.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
